Mark L. Williams
williamsml@sec.gov
Counsel for the Plaintiff
Securities and Exchange Commission
Denver Regional Office
1961 Stout Street, 17th Floor
Denver, Colorado 80294

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br>- against -<br><br><br>ONE OR MORE UNKNOWN TRADERS IN THE SECURITIES OF BIOVERATIV, INC.,<br><br>　　　　　　　　　　　　　　Defendants. | 18-CV-00701-JGK<br><br>**ECF CASE** |

## **MOTION TO CONTINUE ORDER TO SHOW CAUSE HEARING**

Plaintiff Securities and Exchange Commission ("SEC") hereby moves to continue the order to show cause hearing currently scheduled for Monday, February 5, 2018, to Friday, February 9, 2018. In support thereof, the SEC represents as follows:

1. Before the U.S. markets opened on Monday, January 22, 2018, Bioverativ, Inc., a biopharmaceutical company and Delaware corporation with principal executive offices in Waltham, Massachusetts ("Bioverativ" or "BIVV"), and French *société anonyme* Sanofi, a global life sciences company ("Sanofi"), announced an agreement for Sanofi to acquire all of the outstanding shares of Bioverativ through a tender offer for approximately $11.6 billion, a

premium of 63.8% over Bioverativ's Friday, January 19, 2018 closing price of $64.11 per share (the "Announcement").

2. On January 22, following the announcement, Bioversativ's stock price soared, closing at $103.79 per share, a 61.9% increase over its January 19 closing price.  That same day, Defendant or Defendants – not yet known foreign trader(s) who purchased significant quantities of highly speculative, out-of-the-money call options in the securities of BIVV between January 12 and January 22, 2018 – began selling option contracts yielding approximately $2,518,622.70 in profits that day alone.

3. On Friday, January 26, 2018, the SEC filed the instant action along with an *ex parte* emergency application for an order freezing assets, requiring Defendants to show cause why the asset freeze should not remain in place during the pendency of this litigation, granting expedited discovery and alternative service, and requesting other relief.  The Court granted the SEC's request the same day ("Asset Freeze Order").

4. On Friday, January 26, 2018, the same day it was issued, the SEC served the Asset Freeze Order on an attorney representing Credit Suisse Securities (USA), LLC ("Credit Suisse USA"), a United States registered broker-dealer that cleared the option trades at-issue in this case.

5. On Monday, January 29, 2018, the Office of International Affairs of the Criminal Division of the U.S. Department of Justice sent a request to the Central Authority of Switzerland seeking assistance pursuant to the Treaty between the United States of America and the Swiss Confederation on Mutual Assistance in Criminal Matters (the "MLAT Request").  The MLAT Request sought the immediate restraint the assets subject to the Asset Freeze Order. The Asset Freeze Order was attached to the MLAT Request.

6. On Tuesday, January 30, 2018, the SEC served subpoenas on both Bioverativ and Sanofi requesting a chronology of events that led to the Announcement, as well as a listing of all individuals who are known to have been privy to information concerning the tender offer prior to the Announcement.

7. On Wednesday, January 31, 2018, the U.S. Department of Justice informed SEC staff that the Swiss Federal Office of Justice ("FOJ") agreed to assist in restraining the assets subject to the Asset Freeze Order and had issued a "blocking order" freezing the assets pursuant to Swiss law until approximately May 31, 2018 ("Blocking Order").  Pursuant to the Blocking Order, the FOJ ordered Credit Suisse Switzerland to freeze the accounts in which the proceeds from the sales of the at-issue call options were transferred.  Although the FOJ has not yet provided Credit Suisse Switzerland with the Asset Freeze Order, the U.S. Department of Justice has requested it to do so, and requested that Credit Suisse Switzerland provide a copy of the Asset Freeze Order to the account holder(s), who are the Defendants in this action.

8. On February 1, 2018, the SEC received verbal confirmation from counsel for Credit Suisse USA that, pursuant to the Asset Freeze Order, Credit Suisse USA has frozen 550 BIVV call option contracts with a strike price of $75 and $711,000.81 in proceeds from the sale of certain option contracts that were sold just prior to the entry of the Asset Freeze Order. The amount of sale proceeds frozen by Credit Suisse USA is consistent with the sale of 250 BIVV call option contracts with a $75 strike price at an average price of $28.44.[1]  Counsel informed undersigned counsel that due to restrictions under Swiss law, he was unaware and

---

[1] Defendants purchased a total of 1,610 option contracts, 875 of which had a strike price of $75.

unable to provide information on the amount of assets located in Switzerland that are frozen pursuant to the Blocking Order.

9. To date, no party has filed or served on the SEC any opposition to the Court's Asset Freeze Order, nor has any Defendant contacted the SEC.  Although the SEC cannot yet confirm that Defendants have been made aware of the Asset Freeze Order, their assets in the United States have now been frozen for seven days and their assets in Switzerland have been frozen for at least two days.[2]

10. The Asset Freeze Order was entered on January 26, 2018.  Accordingly, pursuant to Rule 65, that order is permitted to remain in effect without further Court action until Friday, February 9, 2018, at which time, if the Court finds good cause exists, it can be extended for approximately fourteen additional days.  *See* Fed. R. Civ. P. 65(b)(2) ("The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.").

11. The SEC respectfully requests that the Court continue the upcoming preliminary injunction hearing to February 9, 2018.  The SEC has made substantial progress in confirming that the unknown Defendants have been provided notice of the Asset Freeze Order and a preliminary injunction should therefore issue.  Nonetheless, good cause exists to continue the hearing, as a continuance will allow the SEC additional time to confirm Defendants' receipt of the Asset

---

[2] Defendants were likely aware of the Asset Freeze Order on Friday, January 26, 2018, because more than $700,000 in proceeds from the sale of certain option contracts were frozen on January 26 and not transferred to Defendants' Swiss account.  In addition, the SEC's allegations in this case immediately garnered international media attention.  *See, e.g.,* https://www.reuters.com/article/us-bioverativ-insidertrading-sec/u-s-sec-files-suit-over-possible-insider-trading-on-bioverativ-idUSKBN1FG02M (distributed January 26, 2018 at 6:57pm ET); https://www.wsj.com/articles/sec-alleges-insider-trading-ahead-of-sanofis-purchase-of-bioverativ-1517012667 (distributed January 26, 2018 at 7:24pm ET).

Freeze Order, determine Defendants' identities, and obtain expedited discovery from Defendants as permitted by the Asset Freeze Order.  Additionally, a continuance will provide Defendants additional time to contact the SEC and/or file papers opposing a preliminary injunction.  A continuance will also provide third parties with additional time to provide documents and other information to the SEC.  Finally, there is little risk that assets will be dissipated prior to a preliminary injunction hearing, as the Asset Freeze Order will remain in effect thereby freezing the at-issue assets within the United States, and the Blocking Order will remain in effect thereby freezing the at-issue assets in Switzerland.

For the foregoing reasons, the SEC respectfully requests that the Court continue the upcoming order to show cause hearing to February 9, 2018.

Dated this 2nd day of February, 2018.

s/ Mark L. Williams
Mark L. Williams (NY Bar No. 4796611)[3]
Senior Trial Counsel
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000
williamsml@sec.gov

---

[3] Not admitted in SDNY, Pro Hac Vice application pending.  *See* Doc. # 5.