Mark L. Williams
williamsml@sec.gov
Counsel for the Plaintiff
Securities and Exchange Commission
Denver Regional Office
1961 Stout Street, 17th Floor
Denver, Colorado 80294

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>- against -<br><br>ONE OR MORE UNKNOWN TRADERS IN THE SECURITIES OF BIOVERATIV, INC.,<br><br>Defendants. | 18 Civ.   (   )<br><br>ECF CASE |

## LOCAL RULE 6.1 DECLARATION OF MARK L. WILLIAMS IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER TO SHOW CAUSE, ASSET FREEZE AND OTHER RELIEF

I, Mark L. Williams, pursuant to 28 U.S.C. § 1746, declare as follows:

1.   I am a member of the bar of the State of New York. I am employed by Plaintiff Securities and Exchange Commission (the "SEC") in the SEC's Denver Regional Office as Senior Counsel. I make this declaration pursuant to Local Civil Rule 6.1(d) to show that good and sufficient reason exists for bringing the SEC's application for an order freezing the Defendants' assets and other relief (the "Application") by order to show cause rather than by notice of motion. No previous application for the relief requested herein or any similar relief has been made.

2.   The SEC makes its Application by order to show cause to (i) preserve the <u>status quo</u> pending adjudication of the Application; (ii) ensure that any future judgment of this Court for disgorgement, prejudgment interest and civil money penalties is not rendered meaningless; and (iii) prevent the destruction or fabrication of evidence. The SEC believes that proceeding by notice of motion may jeopardize the Court's ability to grant full and effective relief both on this Application and on the merits of the SEC's Complaint.

3.   The following facts are set forth in the Complaint filed by the SEC in this action and in the accompanying memorandum of law and are supported by the Declaration of Michael Hoke, a member of the SEC staff, executed on January 25, 2018, and the exhibits thereto.

4.   The SEC's Complaint alleges that, during January 2018, in advance of the January 22, 2018 announcement that French *société anonyme* Sanofi ("Sanofi"), a global life sciences company, agreed to acquire all of the outstanding shares of Bioverativ, Inc. ("BIVV"), a global biopharmaceutical company (the "Announcement"), One or More Unknown Traders in the Securities of BIVV (the "Defendants"), through an account held at Credit Suisse (Switzerland) Ltd. and executed and cleared through Credit Suisse Securities (USA) LLC, purchased BIVV call option contracts. (Complaint ¶¶ 1, 15-17, 22, 29-30). As a result of the Announcement, on January 22, 2018, BIVV's stock price rose approximately 61.9% percent over the previous trading day's closing price, allowing the Defendants to reap realized and unrealized profits totaling over $4.9 million. (Complaint ¶¶ 22, 28). The SEC alleges that, by engaging in illegal insider trading of BIVV stock, the Defendants violated Sections 10(b) and 14(e) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b) and 78n(e)] and Rules 10b-5 and 14e-3 thereunder [17 C.F.R. §§ 240.10b-5 and 240.14e–3]. (Complaint ¶¶ 31-36). The SEC is seeking (1) a preliminary order against Defendants (i) freezing assets, (ii) requiring Defendants'

identification, (iii) requiring repatriation of assets, (iv) preventing document alteration or destruction, (v) expediting discovery, (vi) providing for alternative service of process against Defendants, and (vii) requiring Defendants to show cause why the Court should not issue a Preliminary Injunction and impose other relief against them; (2) permanent injunctions against each of the Defendants; (3) enjoining them from engaging in the transactions, acts, practices, and courses of business alleged in the Complaint; (4) disgorgement of all ill-gotten gains from the unlawful insider trading activity, together with prejudgment interest, civil money penalties; and any other relief that the Court deems just and appropriate. (Complaint ¶ 7 and Prayer for Relief).

5. The SEC makes this Application by order to show cause because there is a serious risk that the Defendants will attempt to frustrate this Court's ability to award appropriate relief by transferring their assets outside the United States. The Defendants are either foreign traders or traders trading through foreign accounts, and, since the Announcement, have liquidated, or at least attempted to liquidate, a portion of their BIVV call options. (Complaint ¶¶ 24-26). At least some of the proceeds from those call option sales were transferred to the Defendants' Swiss accounts on or about January 23, 2018. (Complaint ¶ 25).

6. Specifically, Credit Suisse (Switzerland) Ltd. is located in Switzerland, and, based on information and belief, the unknown traders are located, or trading through accounts located, in Switzerland. (Complaint ¶¶ 12, 14). Based on information and belief, there is a strong likelihood that, absent intervention by this Court, the Defendants will move the remainder of their suspicious profits overseas, as they have already done with a portion of the proceeds realized from liquidating BIVV option contracts.

7. SEC staff have been in contact with representatives of Credit Suisse regarding the instant anticipated litigation since January 22, 2018. Immediately after the Court's ruling on the

SEC's instant *ex parte* emergency application for an order to show cause, for an asset freeze, and other relief against One or More Unknown Traders, I will call and send an email message to representatives of Credit Suisse, the brokerage firm that holds the accounts through which the Defendants traded BIVV option contracts, informing them of the SEC's filing of the Complaint and *ex parte* emergency application seeking an asset freeze and other relief. I will ask the representative to use whatever means they have to contact the Defendants, provide notice of the SEC's filings and this Court's rulings, and encourage them to contact me either directly or through counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 26, 2018
New York, New York

_____
Mark L. Williams