UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>- against -<br><br>ONE OR MORE UNKNOWN TRADERS IN THE SECURITIES OF BIOVERATIV, INC.,<br><br>Defendants. | 18-CV-00701-JGK<br><br>**ECF CASE**<br><br>USDS SDNY<br>DOCUMENT<br>ELECTRONICALLY<br>DOC #: _____<br>DATE FILED: 7/9/2018 |

## [PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION

On the Emergency Application of Plaintiff Securities and Exchange Commission (the "SEC") for an order: (i) freezing assets; (ii) requiring Defendants' identification; (iii) requiring repatriation of assets; (iv) preventing document alteration or destruction; (v) expediting discovery in this action; providing for alternative service of process against Defendants; and requiring Defendants to show cause why the Court should not issue a Preliminary Injunction and impose other relief against them.

The Court has considered the entire record of this case, including: (i) the Complaint; (ii) the First Declaration of Michael Hoke, executed on January 25, 2018, and the exhibits thereto; (iii) the Plaintiff's Memorandum of Law in Support of Its *Ex Parte* Emergency Application for an Order to Show Cause, Asset Freeze and Other Relief; (v) Plaintiff's Emergency Application for an Order to Show Cause, Asset Freeze and Other Relief; and (vi) the Certification of Counsel pursuant to Local Rule of Civil Procedure 6.1(d) and Federal Rule of Civil Procedure 65(b)(1)(B); (vii) Plaintiff's Motion to Continue Order to Show Cause Hearing; (viii) Plaintiff's

Notice of Non-Opposition and Supplemental Facts in Support of its Application for a Preliminary Injunction and Other Ancillary Relief; and (ix) the Second Declaration of Michael Hoke, executed on February 8, 2018, and the exhibit thereto. Based on the record, the Court finds:

1. This Court has jurisdiction over the subject matter of this action and over the Defendants, and venue properly lies in this District. Defendants are one or more unknown purchasers of the securities of Bioverativ, Inc. ("BIVV"), who purchased from January 12, 2018, through January 19, 2018. The stock of BIVV is traded on the NASDAQ. The trades at issue were cleared through an account at Credit Suisse Securities (USA) LLC, a broker-dealer with a principal place of business in New York, New York.

2. The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(1)] and Federal Rule of Civil Procedure 65(b) for the following reasons:

    A. Based on the evidence presented, there is a basis to infer that the Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, as alleged in the Complaint.

    B. Based on the evidence presented, there is a basis to infer that the Defendants violated Section 14(e) of the Exchange Act and Rule 14e-3 thereunder, as alleged in the Complaint.

    C. It appears that an order freezing the Defendants' assets related to the allegations in the Complaint, as specified herein, is necessary to preserve the *status quo* and to protect this Court's ability to award relief in the form of disgorgement of illegal profits

from the violations, prejudgment interest and civil penalties.

D. It appears that an order requiring each Defendant and any agents of any Defendant to promptly submit identifying information to this Court and the SEC including: (a) Defendant's name, all business and residential addresses, postal box numbers, telephone numbers, facsimile numbers, e-mail addresses and nationality; and (b) a listing of each account with any financial institution or brokerage firm maintained by the Defendant or for Defendant's direct or indirect beneficial interest, is appropriate.

E. It appears that an order directing Defendants to repatriate assets to the United States, as specified herein, is necessary to protect this Court's ability to award relief in the form of disgorgement of illegal profits from the violations, prejudgment interest, and civil penalties.

F. It appears that an order prohibiting Defendants from destroying, mutilating, concealing, altering or disposing of records of any kind, including but not limited to financial records, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Defendants' assets, finances or business operations, is necessary, to ensure, among other things, compliance with the asset freeze imposed on the Defendants' assets, and to protect the integrity of this litigation.

**NOW, THEREFORE,**

**I.**

**IT IS HEREBY ORDERED** that, pending a final disposition of this action, Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, or who have custody of the at-issue assets described below, who receive actual notice of such Order by personal service or otherwise, and each of them, hold

and retain within their control and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets related to the allegations in the Complaint, held by, or under the direct or indirect control of Defendants, whether held in any of their names or for any of their direct or indirect beneficial interests wherever situated, including, but not limited to: all assets related to the purchase of BIVV options from January 12, 2018, through January 19, 2018, by an account held at Credit Suisse (Switzerland) Ltd. and executed and cleared through Credit Suisse Securities (USA) LLC account number 2HRNY0, including the gross proceeds of any sales of the BIVV options, any unsold BIVV options traceable to those purchases, and any BIVV shares received from the exercise of those options (collectively the "at-issue assets"), wherever they may be located.

This Order also encompasses any portion of these assets that may be held in any account(s) into which such assets can be traced, including, but not limited to, both account number 2HRNY0 at Credit Suisse Securities (USA) LLC and the account held at Credit Suisse (Switzerland) Ltd. into which the Defendants transferred approximately $2,849,070 in BIVV call option trading proceeds on or about January 23 and 24, 2018.

## II.

**IT IS FURTHER ORDERED** that, [*pending*] a final disposition of this action, the SEC's application for an order prohibiting the destruction of records as set forth above, Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them or who have custody of the at-issue assets who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of the SEC to any and all documents, books and records, that are in the possession, custody or control

- 4 -

of the Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Defendants' assets, finances or business operations.

### III.

**IT IS FURTHER ORDERED** that Defendants and each of their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them or who have custody of the at-issue assets who receive actual notice of this Order by personal service or otherwise, including facsimile transmissions, electronic mail or overnight delivery service, and each of them, shall, within five (5) days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest bearing account, any and all funds or assets that presently may be located outside of the United States that were obtained directly or indirectly from the trading at issue.

### IV.

**IT IS FURTHER ORDERED** that, each Defendant, and each of Defendants' agents, servants, employees, attorneys-in-fact, and persons in active concert or participation or who have custody of the at-issue assets who receive actual notice of this Order, shall submit in writing to this Court and the SEC within two (2) business days following service of this Order, the following identifying information:

(a) all names by which each Defendant is known, all business and residential addresses, postal box numbers, telephone numbers, facsimile numbers, e-mail addresses and the nationality of each Defendant; and

(b) each account with any financial institution or brokerage firm maintained in any

Defendant's name or held for the direct or indirect beneficial interest of any Defendant, from November 3, 2017, through the present, including but not limited to, each account through which each Defendant directed securities transactions from January 12 through January 26, 2018, or in which proceeds from such transactions were held.

V.

**IT IS FURTHER ORDERED** that a copy of this Order, the Complaint, Summons, and all of the papers supporting the SEC's application may be served by serving such documents on any of Defendants' brokers or agents with whom the Defendants regularly interact, or any of those institutions' respective affiliates, successors in interest and assigns, and/or by personal delivery, facsimile, overnight courier, electronic mail, or first-class mail. This Order does not resolve the issue whether the above service is permissible, constitutionally or pursuant to the Federal Rules of Civil Procedure.

IX.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Defendants and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation (with them) or who have custody of the at-issue assets ~~with them~~ who receive actual notice of this Order by e-mail service, personal service or otherwise.

X.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for all purposes.

_____
UNITED STATES DISTRICT JUDGE

2/9/18 ~~2018~~
New York, New York

- 6 -