

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DENVER REGIONAL OFFICE
BYRON G. ROGERS FEDERAL BUILDING
1961 STOUT STREET, SUITE 1700
DENVER, COLORADO 80294-1961

DIVISION OF
ENFORCEMENT

(303) 844-1027
Williamsml@sec.gov

April 18, 2018

**VIA ECF**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 14A
New York, New York 10007

    Re:    *Securities and Exchange Commission v. One or More Unknown Traders in the Securities of Bioverativ, Inc.,* 18-cv-00701

Dear Judge Koeltl:

    I am counsel for Plaintiff Securities and Exchange Commission (the "SEC") in the above-referenced matter. Pursuant to Your Honor's oral order at the February 9, 2018 preliminary injunction hearing, the SEC requests that it be granted an additional 90 days to serve the Summons and Complaint on Defendants. Additionally, the SEC requests that the April 30, 2018 pretrial conference be deferred. *See* Doc. # 19.

    By way of background, Defendants are alleged to have engaged in insider trading in advance of the January 22, 2018 announcement that French *société anonyme* Sanofi ("Sanofi") agreed to acquire all of the outstanding shares of Bioverativ, Inc. ("Bioverativ") through a tender offer of $105 per share, which was a 63.8% premium over Bioverativ's January 19, 2018 record-high closing price of $64.11 per share (the "Announcement"). In the 10 days leading up to the Announcement, Defendants purchased 1,610 call option contracts for BIVV stock for approximately $170,081. On the day of the Announcement, the option contracts soared in value to more than $5.1 million. Defendants began to liquidate the bulk of these option contracts almost immediately.

    On January 26, 2018, the SEC filed a Complaint – against unnamed Defendants whose identities were not known – and requested a temporary restraining order, which the Court granted the same day. *See* Doc. # 1. On February 9, 2018, the Court granted the SEC's request for a preliminary injunction. *See* Doc. # 14. During the February 9 preliminary injunction hearing,

The Honorable John G. Koeltl
April 18, 2018

the Court directed the SEC to request additional time to serve the Complaint if service was expected to be effectuated more than 90 days after its filing. On April 13, 2018, a pretrial conference was scheduled for April 30, 2018. *See* Doc. # 19. The SEC respectfully requests the Court allow the SEC an additional 90 days to serve the Summons and Complaint and defer the April 30, 2018 pretrial conference until after Defendants have been served and the parties have an opportunity to confer and provide a Rule 26(f) report.

First, pursuant to Rule 4, a defendant typically is required to be served "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). However, the 90-day requirement "does not apply to service in a foreign country…" *Id.* The SEC understands that Defendants reside in Switzerland. Thus, Rule 4's 90-day requirement is likely inapplicable to this case.

Second, even were Defendants capable of being served in the United States, there is "good cause" to "extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The SEC has not yet obtained the entirety of the relevant trading records from Swiss authorities. Since the Complaint was filed, the SEC has been in contact with Swiss authorities and formally requested documents identifying Defendants and their respective trades in BIVV option contracts so as to allow the SEC to amend the Complaint and effectuate service. To date, the SEC has learned that Defendants are two separate traders. The first trader – who is believed to reside in Switzerland – purchased 1,607 of the 1,610 at-issue option contracts (the "First Trader"). The SEC has requested, but is still awaiting, the First Trader's brokerage records. Swiss law allows for the First Trader to appeal the release of his brokerage records, and the SEC anticipates that he or she will pursue such an appeal, which can take several months to resolve.[1] The SEC is confident that it will ultimately obtain the First Trader's brokerage records.[2]

The remaining three option contracts were purchased by a separate trader and resident of Switzerland (the "Second Trader"). The SEC has obtained the identity and limited records related to the Second Trader along with information suggesting the trading activities of the First Trader and Second Trader are related. As such, the SEC requests additional time to receive, through the appropriate channels in Switzerland, the First Trader's brokerage records, and to have both traders' brokerage records translated before amending and serving the Summons and Complaint on Defendants.

In sum, the SEC requests that it be granted an additional 90 days to serve the Summons and Complaint on Defendants and that the pretrial conference be deferred. This is the SEC's first request for extension of time to serve the Summons and Complaint and to defer the pretrial conference. Defendants' position on this request is unknown. To the extent the Court has questions or wishes to discuss the instant request, I am available for a conference at the Court's convenience.

---

[1] On April 18, 2018, the SEC was notified by Swiss authorities that the First Trader refused to consent to the release of his or her brokerage records to the SEC. Swiss authorities are therefore drafting their decision to transmit the brokerage records to the SEC, which the First Trader can appeal to a Swiss administrative court.

[2] The SEC's investigation has also progressed significantly and may have recently identified the First Trader. The SEC is working expeditiously to confirm the possible identification.

The Honorable John G. Koeltl
April 18, 2018

                                                 Respectfully submitted,

                                                 **s/ Mark L. Williams**

                                               Mark L. Williams