

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DENVER REGIONAL OFFICE
BYRON G. ROGERS FEDERAL BUILDING
1961 STOUT STREET, SUITE 1700
DENVER, COLORADO 80294-1961**

**DIVISION OF
ENFORCEMENT**

(303) 844-1027
Williamsml@sec.gov

July 23, 2018

<u>**VIA ECF**</u>

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 14A
New York, New York 10007

    Re: <u>*Securities and Exchange Commission v. One or More Unknown Traders in the Securities of Bioverativ, Inc.,* 18-cv-00701</u>

Dear Judge Koeltl:

    The SEC respectfully requests that it be granted an additional 90 days to serve the Summons and Complaint on Defendants and that the August 6, 2018 pretrial conference be deferred.  *See* Doc. # 21.

    By way of background, Defendants are alleged to have engaged in insider trading in advance of the January 22, 2018 announcement that French *société anonyme* Sanofi ("Sanofi") agreed to acquire all of the outstanding shares of Bioverativ, Inc. ("Bioverativ") through a tender offer of $105 per share, which was a 63.8% premium over Bioverativ's January 19, 2018 record-high closing price of $64.11 per share (the "Announcement").  In the 10 days leading up to the Announcement, Defendants purchased 1,610 call option contracts for BIVV stock for approximately $170,081.  On the day of the Announcement, the option contracts soared in value to more than $5.1 million.  Defendants began to liquidate the bulk of these option contracts almost immediately.

    On January 26, 2018, the SEC filed a Complaint – against unnamed Defendants whose identities were not known – and requested a temporary restraining order and asset freeze, which the Court granted the same day.  *See* Doc. # 1.  Swiss authorities subsequently instituted a blocking order freezing assets in related bank accounts located in Switzerland.  On February 9, 2018, the Court granted the SEC's request for a preliminary injunction.  *See* Doc. # 14.  On April 18, 2018, the SEC filed its first request for an additional 90 days to serve the Summons and

The Honorable John G. Koeltl
July 23, 2018

Complaint and defer the pretrial conference until after Defendants had been served. *See* Doc. # 20. The Court granted this request. *See* Doc. # 21. The SEC requests that it be granted an additional 90 days to serve the Summons and Complaint on Defendants and that the pretrial conference be deferred until after this service has been effectuated.

<u>First</u>, pursuant to Rule 4, a defendant typically is required to be served "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). However, the 90-day requirement "does not apply to service in a foreign country…" *Id.* The SEC has now obtained the identity and limited trading records related to the defendants in this case – two individuals – though not all records have been translated. Those documents confirm that both Defendants reside in Switzerland, thus Rule 4's 90-day requirement is inapplicable.

<u>Second</u>, even were Defendants capable of being served in the United States, there is "good cause" to further "extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). As noted above, as both defendants reside in Switzerland service pursuant to the Hague Convention will take additional time. Moreover, the SEC's investigation is continuing to progress and procure relevant evidence but is not yet complete. Because the SEC expects to amend the Complaint prior to serving it on Defendants, the SEC requests that it be permitted additional time to continue obtaining evidence supporting its allegations of insider trading.

In sum, the SEC requests that it be granted an additional 90 days to serve the Summons and Complaint on Defendants and that the pretrial conference be deferred. This is the SEC's second request for extension of time to serve the Summons and Complaint and to defer the pretrial conference. Defendants' position on this request is unknown. To the extent the Court has questions or wishes to discuss the instant request, I am available for a conference at the Court's convenience.

                                                    Respectfully submitted,

                                                    **s/ Mark L. Williams**

                                                    Mark L. Williams