

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DENVER REGIONAL OFFICE
BYRON G. ROGERS FEDERAL BUILDING
1961 STOUT STREET, SUITE 1700
DENVER, COLORADO 80294-1961**

**DIVISION OF
ENFORCEMENT**

(303) 844-1027
Williamsml@sec.gov

February 20, 2019

**VIA ECF**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 14A
New York, New York 10007

    Re:    <u>*Securities and Exchange Commission v. One or More Unknown Traders in the Securities of Bioverativ, Inc.,* 18-cv-00701</u>

Dear Judge Koeltl:

    The SEC respectfully requests that it be granted an additional 120 days to amend and serve the Complaint and Summons on Defendant(s). *See* Doc. # 27.

    By way of background, Defendants are alleged to have engaged in insider trading in advance of the January 22, 2018 announcement that French *société anonyme* Sanofi ("Sanofi") agreed to acquire all of the outstanding shares of Bioverativ, Inc. ("Bioverativ") through a tender offer of $105 per share, which was a 63.8% premium over Bioverativ's January 19, 2018 record-high closing price of $64.11 per share (the "Announcement"). In the 10 days leading up to the Announcement, Defendants purchased 1,610 call option contracts for BIVV stock for approximately $170,081. On the day of the Announcement, the option contracts soared in value to more than $5.1 million. Defendants began to liquidate the bulk of these option contracts almost immediately.

    On January 26, 2018, the SEC filed a Complaint – against unnamed Defendants whose identities were not known – and requested a temporary restraining order and asset freeze, which the Court granted the same day. *See* Doc. # 1. Swiss authorities subsequently instituted a blocking order freezing assets in related bank accounts located in Switzerland. On February 9, 2018, the Court granted the SEC's request for a preliminary injunction. *See* Doc. # 14. On April 18, 2018, the SEC requested an additional 90 days to serve the Summons and Complaint and defer the pretrial conference until after Defendants had been served. *See* Doc. # 20. The Court granted this request. *See* Doc. # 21. On July 23, 2018, the SEC requested an additional 90 days

The Honorable John G. Koeltl
February 20, 2019

to serve the Summons and Complaint and defer the pretrial conference until after Defendants had been served.  *See* Doc. # 22.  The Court granted this request.  *See* Doc. # 23.

On October 19, 2018, the SEC requested an additional 120 days to serve the Summons and Complaint, and also requested that the Court hold a pre-motion discovery conference to hear its request for limited deposition and document discovery prior to the parties' Rule 26(f) conferral.  *See* Doc. # 26.  On October 23, 2018, the Court granted the SEC's request for an additional 120 days to serve the Summons and Complaint, and ordered that a pre-motion discovery conference would be held on November 27th. On January 29, 2019, the Court granted the SEC's discovery request.  *See* Doc. # 32.

Request for 120 Days to Amend and Serve Complaint and Summons

The SEC requests that it be granted an additional 120 days to amend and serve the Complaint and Summons, and that the pretrial conference be deferred until after this service has been effectuated. The instant request for additional time to serve the Summons and Complaint is the SEC's fourth request.

First, pursuant to Rule 4, a defendant typically is required to be served "within 90 days after the complaint is filed."  Fed. R. Civ. P. 4(m).  However, the 90-day requirement "does not apply to service in a foreign country…"  *Id*.  The SEC has now obtained the identity and limited trading records related to the defendants in this case. Those documents confirm that the trades were made by two individuals, both of whom reside in Switzerland.  Thus Rule 4's 90-day requirement is inapplicable.

Second, even were Defendants capable of being served in the United States, there is "good cause" to further "extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  As noted above, the SEC initiated this case only four days after the Announcement that caused the at-issue trades to become extremely profitable, and had only nine days of expedited discovery, all of which were before the SEC obtained trading records from Swiss authorities disclosing the traders' identities.  Approximately four weeks ago, this Court allowed the SEC to obtain discovery in this case, and though the SEC has been diligently working to obtain evidence through the discovery process, it has not yet had sufficient time to complete these tasks, particularly in light of the various international components of this case. Thus, consistent with its earlier request, the SEC asks that it be given more time to conduct deposition and document discovery in order to thoroughly, appropriately, and efficiently assess the individual or individuals to name as defendants.

\* \* \* \* \*

To the extent the Court has questions or wishes to discuss the instant request, I or my co-counsel, Nicholas Heinke, are available for a conference at the Court's convenience.

Respectfully submitted,

**s/ Mark L. Williams**
Mark L. Williams
