**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**SECURITIES AND EXCHANGE COMMISSION,**

        - against -

**ROBERT M. MATHYS,**

                **Defendant.**

---

18-cv-701 (JGK)

**JUDGMENT AND ORDER AS TO DEFENDANT ROBERT M. MATHYS**

**JOHN G. KOELTL, District Judge:**

The Securities and Exchange Commission ("SEC") having filed an Amended Complaint [Doc. # 37], Defendant Roland M. Mathys having failed to answer, plead, or otherwise defend this action, a certificate of default having been entered on February 21, 2020 [Doc. # 54], the Court having considered the SEC's application for entry of a default judgment and all the pleadings and evidence submitted in support thereof, Defendant having failed to show cause why this order should not be entered, and the Court having determined that Defendant is not an infant or incompetent person and is not in the military service of the United States [see Doc. # 53], and the Court having determined that the uncontested allegations in the Amended Complaint demonstrate the defendant's liability for insider trading in connection with a tender offer in violation of Section 14(e) of the Securities Exchange Act of 1934 [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, and the SEC having established that the

4

defendant's profits from that insider trading were $4,944,684.64 [see Doc. #65, Hoke Declaration ¶ 8]:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the SEC's application for a default judgment against the defendant is **GRANTED.**

**II.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

(a) purchasing or selling or causing to be purchased or sold the securities sought or to be sought in such tender offer, securities convertible into or exchangeable for any such securities or any option or right to obtain or dispose of any of the foregoing securities while in possession of material information relating to such tender offer that Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the offering person or such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

(b) communicating material, nonpublic information relating to a tender offer, which Defendant knows or

4

has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

    (i)    to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

    (ii)    to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the planning, financing, preparation or execution of the activities of the issuer with respect to such tender offer; or

    (iii)    to any person pursuant to a requirement of any statute or rule or regulation promulgated thereunder.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**III.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay a civil penalty in the amount of **$9,889,369.28** to the SEC pursuant to Section 21A of the Securities Exchange Act of 1934 [15 U.S.C. § 78u-1]. This civil penalty represents double the total profits gained from the Defendant's illegal conduct. [Doc. # 65]. The SEC had requested a civil penalty of three times the Defendant's profits.  In light of the facts and circumstances and upon consideration of the relevant factors, the Court finds that a civil penalty of $9,889,369.28, which is two times the defendant's profits, is the appropriate civil remedy, in view of the relatively brief period of time involved in the unlawful activity. See, e.g., S.E.C. v. Rajaratnam, 918 F.3d 36, 44 (2d Cir. 2019); S.E.C. v. Rosenthal, 426 F. App'x 1, 4 (2d Cir. 2011); S.E.C. v. Haligiannis, 470 F. Supp. 2d 373, 386 (S.D.N.Y. 2007). Defendant shall make this payment within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States

postal money order payable to the SEC, which shall be delivered or mailed to:

>  Enterprise Services Center
>  Accounts Receivable Branch
>  6500 South MacArthur Boulevard
>  Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Roland M. Mathys as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

**IV.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the approximately $2.2 million that remains frozen at Credit Suisse Securities (USA) LLC be released from this Court's asset freeze in light of the Judgment of Forfeiture in <u>United States v. CHF 2,362,717.30 in Swiss Currency</u>, 20-cv-00544-JGK.

**V.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment. The Clerk is directed to enter this Final Judgment and to close this Case.

**SO ORDERED.**

**Dated:   New York, New York**
**         December 2, 2020**

                                                            _____/s/ John G. Koeltl_____
                                                                 **John G. Koeltl**
                                                  **United States District Judge**